### SEARCY v. CASUALTY CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department.  February 16, 1912.)

ASSIGNMENTS (§ 23*)—VALIDITY—CONTRACT FOR PERSONAL SERVICES.

An insurance company notified its general agent for a state that it terminated its five-year contract, and instructed it to place no other policies and to cancel outstanding business.  The agent thereafter assigned its claim for damages against the insurance company for breach of its contract.  *Held* that, on notice by the defendant to its agent that its services were no longer desired and would not be expected, a cause of action inured to the agent, and it was no defense to an action by the assignee of the agent that by the assignment the agent was guilty of a breach of contract, in that it put itself in a position where it could not render the personal services.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 40, 41; Dec. Dig. § 23.*]

Appeal from Trial Term, Kings County.

Action by Robert L. Searcy against the Casualty Company of America.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Theodore H. Lord, for appellant.

I. R. Oeland (H. E. J. MacDermott, on the brief), for respondent.

THOMAS, J.  In November, 1903, the defendant made a contract with the Underwriters' Real Estate & Rental Company in the state of Alabama whereby the latter became "the general agents of the company" for the state of Alabama for the term of five years from November 18, 1903.  On December 15, 1903, the defendant indefinitely suspended its business in that state and so advised the Underwriters' Company by a letter of which the following is a copy:

"Gentlemen:  The attention of the company having been called to the unfavorable conditions existing in the Southern states at present for casualty business, and to the laws that are being enacted, which make it improbable that any casualty company can profitably carry the business in future, the executive committee of the company has determined to suspend all business in your territory until a more favorable condition develops.  We regret, therefore, to be obliged to request that on and after receipt of this you do not write or bind any business for this company.  We realize that this may cause you considerable inconvenience, and perhaps some loss, which we certainly would spare you, if possible; but, in view of the existing facts, there is no

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alternative. Kindly acknowledge receipt of this, and be guided strictly accordingly, and oblige."

This letter was later supplemented by the following letter:

"Gentlemen: Re Business. Referring to our letter of yesterday, notifying you that the company had decided to discontinue business in your territory, please cancel all outstanding business on receipt of this, at the shortest possible notice, so that the company may be delivered of liability immediately."

Here was a final and complete severance of all relations by the defendant with the Underwriters' Company, and a cancellation of its agreement, without any anticipation of a resumption of the relations. On June 21, 1905, the Underwriters' Company assigned to the plaintiff—

"all its right, title, and interest in and to the aforesaid contract, and in and to any claim, demand, or cause of action whatsoever that it now has or may hereafter have against the said Casualty Company of America for damages growing out of or caused by its breach of contract."

The plaintiff has recovered some $10,000 damages. The appellant on this appeal waives all exceptions, except those relating to the award of damages for the full term of the contract subsequent to its breach. It seems to be the appellant's argument that the contract was for the personal services of the Underwriters' Company, and that it was the duty of such company to hold itself in readiness for the remainder of the term to perform the services to which it had bound itself under the contract, and which the defendant company had in 1903 once for all precluded it from ever doing, and that by its assignment of the contract to the plaintiff it could no further act under the contract and perform the services as originally intended.

The fact and the law are that the defendant once for all informed the Underwriters' Company that its services were no longer desired and would not be accepted at any time during the term of the contract, and that thereupon a cause of action inured to the Underwriters' Company to recover the value of the contract. The contract and this cause of action it assigned to the plaintiff, so that what the Underwriters' Company had the plaintiff has. It will be noted that the appellant asserts that by this assignment the Underwriters' Company was guilty of a breach of the contract itself, because it thereby put itself in a position where it could not render the personal service.

But the vice of that argument is that the defendant had put itself in a position where it refused at any time to let the Underwriters' Company perform the service and so informed it. Hence the Underwriters' Company was not bound to hold itself in readiness. The defendant cannot, after having broken the contract beyond the power of restoration, accuse the other party of breaking it, because it has adapted itself to the situation which the defendant has created by its wrong.

The judgment should be affirmed, with costs. All concur.